# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

_____

ANDREA N. SMITH, Personal Representative
of the Estate of ANGELA H. PURNELL and
TIFFANY S. GAILES, Personal Representative
of the Estate of PAUL RAVEN PURNELL,

    Plaintiffs,

v.

HANNIGAN FAIRING CO., LTD.,
Operating under the assumed name of
HANNIGAN MOTOR SPORTS,
DODD SALES, LLC, and
AMERICAN HONDA MOTOR CO., INC.,

    Defendants.

Case No.:
JURY DEMANDED

_____

## COMPLAINT
_____

COMES the Plaintiffs, ANDREA N. SMITH, Personal Representative of the Estate of ANGELA H. PURNELL and TIFFANY S. GAILES, Personal Representative of the Estate of PAUL RAVEN PURNELL (hereinafter "Plaintiffs"), and sues the Defendants, HANNIGAN FAIRING CO., LTD., Operating under the assumed name of HANNIGAN MOTOR SPORTS (hereinafter "Hannigan"), DODD SALES, LLC (hereinafter "Dodd") and American Honda Motor Co., Inc. (hereinafter "Honda"), and for cause of action say:

1. This action is brought pursuant to 28 U.S.C.S. §1332 as the amount in controversy, exclusive of the interest and court costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars and the parties are citizens of different states. The deceased, ANGELA H. PURNELL and her husband, PAUL RAVEN PURNELL, were

1

residents and citizens of Memphis, Shelby County, Tennessee, and the Defendants, HANNIGAN, a domestic corporation organized and existing under the laws of the state of Kentucky; DODD, is a domestic limited liability company organized, existing and operating in the state of Alabama; and AMERICAN HONDA MOTOR CO., INC., is a foreign Corporation operating in the state of Alabama.

2. This matter was originally filed in the Western District of Tennessee on September 23, 2022 under docket number 22-cv-02644 JPM-atc. Defendant Dodd filed its Motion to Dismiss for Lack of Personal Jurisdiction on November 30, 2022 (Doc. 26); Response of Plaintiffs filed February 11, 2023 (Doc. 39); and said motion was granted on May 12, 2023 (Doc. 59) dismissing as to Defendant Dodd.

3. The Plaintiff, ANDREA N. SMITH, is the Personal Representative of the Estate of ANGELA H. PURNELL, having been appointed by order of the Probate Court of Shelby County, Tennessee (Docket No. PR 21265), on February 9, 2022.

4. The Plaintiff, TIFFANY S. GAILES, is the Personal Representative of the Estate of PAUL RAVEN PURNELL, having been appointed on February 14, 2022, by the Probate Court of Shelby County, Tennessee (Docket No. PR 021511).

5. The Defendant, HANNIGAN FAIRING CO., LTD., Operating under the assumed name of HANNIGAN MOTOR SPORTS, is a domestic corporation organized and existing under the laws of the state of Kentucky. It may be served at the office of its registered agent, DAVID ERNEST HANNIGAN, at 4044 Highway 641S, Murray, Kentucky 42071.

6. The Defendant, DODD SALES, LLC, is a domestic limited liability company organized and operating in the state of Alabama. It may be served with

process at the offices of its registered agent, STEVE DODD at 1355 11th Avenue, Haleyville, Alabama 35565.

7. The Defendant, AMERICAN HONDA MOTOR CO., INC., is a foreign Corporation operating in the state of Alabama. It may be served with process at the offices of its registered agent, Corporation Service Company, Inc. at 641 South Lawrence Street, Montgomery, Alabama 36104.

8. This action is brought by the Plaintiff, ANDREA N. SMITH, as the Personal Representative of the Estate of her mother, ANGELA H. PURNELL, for the benefit of herself and her brother, OLAN C. SMITH.

9. This action is also brought by the Plaintiff, TIFFANY S. GAILES, as the Personal Representative of the Estate of her father, PAUL RAVEN PURNELL, for the benefit of herself and her brother, DARIUS PURNELL.

10. On or about May 3, 2021, the Purnells purchased a trike from the Defendant, DODD. The purchase occurred at Defendant Dodd's dealership located in Haleyville, Alabama. The contract between the parties specified that Alabama Law would govern any dispute between the parties. The trike was converted sometime prior to the date of sale from a 2008 Honda GL18 Goldwing Motorcycle (VIN 1HFSC47F38A711124) by DODD or HANNIGAN from the use of a Hannigan trike kit, designed, manufactured, assembled and/or installed by the Defendant, HANNIGAN.

11. Defendant Honda issued a recall of all Honda model GL-1800 motorcycles and trikes manufactured from 2001-2015 due to a defect in the brake system.

12. Defendant Honda called for all of these units to be delivered to a Honda facility for repair/replacement for a defective secondary master cylinder and all dealers

were instructed to examine all units in their inventory and possession to determine whether the repairs/replacement was made.

13. Defendant Honda stated in its recall notice: "Do Not Sell any un-repaired units."

14. Defendant Honda provided a interactive website for its dealers to register units that had been repaired.

15. The Honda stock motorcycle master cylinder was not removed or replaced with a HANNIGAN unit. The Honda stock master cylinder was designed for a single wheel and not for two (2) wheels, which caused or could have cause braking problems with the trike.

16. It is the Plaintiffs understanding that the HANNIGAN trike kits are installed either by HANNIGAN or someone at DODD trained by HANNIGAN.

17. On September 25, 2021, at approximately 5:25 p.m., the deceased, PAUL RAVEN PURNELL, an experienced motorcycle operator and driver's education instructor, was traveling north bound on US 129 Highway/Calderwood, in Knoxville, Blount County, Tennessee, on the above-described trike with his wife, ANGELA H. PURNELL, as a passenger.

18. The parties were traveling downhill on US 129 Highway/Calderwood and started experiencing problems with their brakes and could slow down or stop as they were coming to a curve. Unable to slow down or stop the trike in which they were riding, they were unable to make the turn and ran off of the road down a steep embankment.

19. Mr. Purnell's body was thrown or ejected from the trike, and he plummeted

down the embankment where he was later found dead.  Mrs. Purnell remained in the passenger seat and the trike struck a tree and her body was found, mangled in the seat of the trike and she was also pronounced dead at the scene.

20. An eyewitness riding on a motorcycle behind the Purnells estimated that they were traveling under 30 miles per hour in a 30 miles per hour speed zone.

21. A friend of the Purnells' and an eyewitness to the accident was traveling on another motorcycle in front of the parties, had an open phone line with Mr. Purnell right before the accident, and he indicated that Mr. Purnell complained about his inability to stop or slow down due to a failure of his braking system.  A preliminary inspection of the trike indicated that the brakes are/were defective.

22. That the trike that the Purnells were riding was designed, manufactured, assembled, and installed by the Defendants and marketed in Alabama and other states around the country through HONDA MOTORS AND HANNIGAN'S authorized dealers and distributors, and sold by Dodd in the state of Alabama, and accordingly, avails themselves of the jurisdiction of the state of Alabama.

23. That as a manufacturer, designer, assembler, installer and seller of said trike, the Defendants owed a duty of care to the Purnells and the public at large, to place on the market a reasonably safe product, free from defects and said duty has been breached by the Defendants in that the trike was negligently designed, manufactured, tested, assembled, marketed, installed and sold.

24. The Plaintiffs would show that the subject trike was designed, manufactured, assembled and/or installed in such a way as to cause said trike's brakes to malfunction, thereby causing a risk of harm to users, consumers and bystanders.

25. That as manufacturer, designer, assembler, marketer, and installer, Defendants sold and marketed said trike in a condition which was defective and unreasonably dangerous by virtue of its design, manufacture, inadequate warning, and the failure to provide adequate instructions relative to its use. The Plaintiffs rely upon the doctrine of strict liability in tort as stated in the Restatement of Torts, 2d, Section 402A and Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and would show that the defect relied upon in the cause existed when the trike left the control of the Defendants.

26. Plaintiffs would show that the Defendants breached certain warranties recognized under the law, and the Plaintiffs rely particularly upon §§ 7-2-316 of the Alabama Code Annotated pertaining to implied warranty of merchantability applicable to the seller's liability for damages for injury to the person in the case of consumer goods.

27. Plaintiffs would show that the Defendants failed to adequately test the subject trike and consequently, failed to warn users and consumers of the possible brake failure, placing the Purnells' life at risk. The Defendants marketed said trike in such a way as to induce customers to purchase said trike without providing adequate and sufficient warning that said trike did possess a propensity to suddenly and without warning experience brake failure.

28. Alternatively, the Defendants did perform some testing for purposes of evaluating the trike's potential for brake failure and failed to warn the general public, owners and consumers of known risks of harm associated with the use of said trike.

29. The Plaintiff, ANDREA N. SMITH, as the Personal Representative of the Estate of ANGELA H. PURNELL, seeks recovery for the benefit of herself and brother,

OLAN C. SMITH, for the wrongful death of their mother, ANGELA H. PURNELL, and conscious pain and suffering prior to the death in accordance with the laws of Alabama, and would show that at the time of death, ANGELA H. PURNELL was able-bodied and in generally good health, thereby capable of working and earning large sums of income. Plaintiff further avers that ANGELA H. PURNELL died a tragic death after falling down the embankment and striking a tree while in the passenger seat and that her death was associated with pain and suffering. One eyewitness heard her screaming as she was falling.

30.   The Plaintiff, TIFFANY S. GAILES, as the Personal Representative of the Estate of PAUL RAVEN PURNELL, seeks recovery for the benefit of herself and her brother, DARIUS PURNELL, for the wrongful death of their father, PAUL RAVEN PURNELL, and conscious pain and suffering prior to the death in accordance with the laws of Alabama, and would show that at the time of death, PAUL RAVEN PURNELL was able-bodied and in generally good health, thereby capable of working and earning large sums of income. Plaintiff further avers that PAUL RAVEN PURNELL died a tragic death after being thrown from the trike and plummeting down the embankment and that his death was associated with pain and suffering.

31.   The Defendants made representations of material facts, as alleged herein, concerning the character and quality of the trike sold by them and the representations were of such a nature as to render the Defendants strictly liable for the injuries and damages suffered by the Purnells pursuant to Alabama Code Annotated 6-5-521. Defendants, acting by and through their agents, engaged in a course of advertising, marketing and promotion of said trike, which included express and implied

misrepresentations of material facts concerning the character and quality of the subject trike and the Purnells as the purchasers of the trike relied upon the Defendants' representation. These misrepresentations were made by the Defendants' advertising, marketing and promotional activities, the totality of which, taken as a whole falsely represented that the trike was safe to operate. Defendants ultimately sold the trike to the Purnells in an unreasonably dangerous condition not fit for its intended purpose.

32. All of the conduct by the Defendants described herein, proximately caused damage to the Plaintiffs thus rendering the Defendants liable to the Plaintiffs under common law and the doctrine expressed in the Restatement of Torts, AEMLD and contract law.

33. Plaintiffs further allege that the conduct of the Defendants in designing, manufacturing, assembling, installing, marketing and distributing the subject trike, was undertaken willfully, wantonly and with conscious disregard for the consequences, thus constituting grounds for punitive damages.

**WHEREFORE, Plaintiffs pray as follows:**

1. That proper process issue to the Defendants requiring a response to this Complaint within the time allowed by law.

2. That the Plaintiff, ANDREA N. SMITH, as the Personal Representative of the Estate of ANGELA H. PURNELL, for the benefit of herself and brother, OLAN C. SMITH, sues the Defendants in the sum of Twelve Million Five Thousand ($12,500,000.00) Dollars for the personal injury, damages, losses and wrongful death of their mother, ANGELA H. PURNELL.

3. The Plaintiff, TIFFANY S. GAILES, as the Personal Representative of the

Estate of, PAUL RAVEN PURNELL, for the benefit of herself and her brother, DARIUS PURNELL, sues the Defendants in the sum of Twelve Million Five Thousand ($12,500,000.00) Dollars for the personal injury, damages, losses and wrongful death of their father, PAUL RAVEN PURNELL.

4. That based upon the above acts or omissions the Plaintiffs request compensatory damages for breach of contract.

5. That based upon the above acts or omissions constituting willful and wanton misconduct, Plaintiffs request exemplary or punitive damages in an appropriate amount consistent with the net worth of the Defendants, and in such amount that the jury, in its discretion, might determine appropriate.

6. For trial by jury.

7. For all costs of this action.

8. For all other and further relief to which Plaintiffs may prove entitled.

Respectfully Submitted,

/s/ Willie Lyons
Willie O. Lyons  (#4960D16K)
Attorney for Plaintiffs
5260 Elmore Road
Southaven, Mississippi 38671
(601) 287-4178
**legal@matokelyonslaw.com**