FILED
2023 Oct-17 AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| ANDREA N. SMITH, as Personal Representative of the Estate of ANGELA H. PURNELL, and TIFFANY S. GAILES, as Personal Representative of the Estate of PAUL RAVEN PURNELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>HANNIGAN FAIRING CO., LTD., operating under the assumed name of HANNIGAN MOTOR SPORTS, DODD SALES, LLC, and AMERICAN HONDA MOTOR CO., INC.,<br><br>    Defendants. | 6:23-cv-00757-LSC |

## MEMORANDUM OF OPINION

Before the Court is Defendant Hannigan Fairing Co., Ltd.'s ("Defendant Hannigan") Motion to Dismiss.[1] (Doc. 11.) Plaintiffs Andrea Smith and Tiffany Gailes ("Plaintiffs"), as Personal Representatives of the Estates of Angela Purnell

---

[1] This Court Ordered Plaintiffs to amend their complaint for unrelated reasons on September 28, 2023. (Doc. 36.) Plaintiff filed its Amended Complaint on October 4, 2023. (Doc. 38.) Other than a single paragraph unrelated to the present motion, Plaintiffs' claims and pleadings remain unchanged. This Court considers Defendant Hannigan's Motion to Dismiss, together with the parties' respective response and reply briefs, reasserted. (*See* docs. 39, 42.)

and Paul Purnell, respectively, originally filed suit in the United States District Court for the Western District of Tennessee, bringing claims for wrongful death and products liability. (*See* doc. 11-2.) While a motion for summary judgement was pending in that case, Plaintiffs filed the instant action in this Court on June 12, 2023. (Doc. 1.) For the reasons stated below, Defendant Hannigan's Motion to Dismiss is due to be **GRANTED** on grounds of *res judicata*.

## I. Background[2]

### a. Facts[3]

This action arises from a fatal motorcycle accident involving Paul and Angela Purnell ("decedents") that occurred in Blount County, Tennessee, on September 25, 2021. (Doc. 1 ¶¶ 17–19.) Four months before the accident, the decedents purchased the involved motorcycle, a 2008 Honda GL18 Goldwing motorcycle bearing the VIN 1HFSC47F38A711124 from Dodd Sales, LLC ("Defendant Dodd"), in Haleyville, Alabama. (*Id.* ¶ 10.) Sometime prior to its sale, the motorcycle was converted into a "trike" using a kit designed, manufactured, and marketed by Defendant Hannigan. (*Id.*) On some unspecified date, American Honda Motor Co.,

---

[2] At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as true, and "[construe] the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The following facts are, therefore, taken from Plaintiffs' allegations in their complaint, and the Court makes no ruling on their veracity.

[3] The facts alleged in this action are essentially identical to those in the original action, *Smith v. Hannigan Fairing Co. Ltd.*, No. 2:22-cv-02644-JPM-atc, 2023 WL 4033951 (W.D. Tenn. June 15, 2023).

Inc., "issued a recall of all Honda model GL-1800 motorcycles and trikes manufactured from 2001-2015 due to a defect in the brake system." (*Id.* ¶ 11.) On September 25, 2021, the decedents experienced braking problems while operating the trike, which caused them to be unable to stop and led to their death. (*Id.* at 4–5.)

### b. Procedural Posture

Plaintiffs originally filed suit on September 23, 2022, in the United States District Court for the Western District of Tennessee, bringing claims for wrongful death and products liability against Defendants Hannigan and Dodd. *See Smith v. Hannigan Fairing Co. Ltd.* (*Smith I*), No. 2:22-cv-02644-JPM-atc, 2023 WL 4033951 (W.D. Tenn. June 15, 2023).[4] Defendant Dodd filed a motion to dismiss for lack of personal jurisdiction on November 30, 2022, which was later granted. (Doc. 1 ¶ 2.) On February 9, 2023, Defendant Hannigan filed a motion for summary judgment based on the applicable state law's statute of repose. (Doc. 11-3.)

While the motion for summary judgment was pending in the Western District of Tennessee, Plaintiffs filed the instant action in this Court on June 12, 2023. (*See* doc. 1.) Three days later, the District Court for the Western District of Tennessee granted Defendant Hannigan's motion for summary judgment. (Doc. 11-4 at 9.)

---

[4] Although this citation is to an unpublished opinion, it is nevertheless in accordance with 11th Cir. R. 36-2. *See* 11th Cir. R. 36-2, I.O.P. 7 ("The court may cite to [unpublished opinions] where they are specifically relevant to determine whether the predicates for res judicata, collateral estoppel, or double jeopardy exist in the case, to ascertain the law of the case, or to establish the procedural history or facts of the case.").

Asserting *res judicata*, Defendant Hannigan now moves this Court to dismiss Plaintiffs' identical claims against it. (Doc. 11.)

## II. Standard of Review

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. Discussion

The doctrine of *res judicata*, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). *Res judicata* is founded on the principle that a "full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999) (quotations and alteration omitted). A *res judicata* defense may be properly asserted on a Rule 12(b)(6) motion to dismiss. *See Davila v. Delta*

*Airlines Inc.*, 326 F.3d 1183, 1184–85 (11th Cir. 2003). The party asserting *res judicata* must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Lobo*, 704 F.3d at 892.[5]

Defendant Hannigan argues that the four elements necessary to establish *res judicata* are established by reference to a Court Order granting Defendant Hannigan summary judgment in the original proceeding, *Smith I*. For the reasons stated below, this Court agrees and concludes that Plaintiffs' claims against Defendant Hannigan are precluded in this action.

The first requirement is that "the prior decision must have been rendered by a court of competent jurisdiction." *Lobo*, 704 F.3d at 892. "[A] court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 92 (2017); *see Ex parte Webber*, 157 So. 3d 887, 893 (Ala. 2014) (holding that, for *res judicata* purposes, "[a] court of competent jurisdiction is a court with jurisdiction *over the subject matter*." (emphasis in original)). In their response, Plaintiffs argue that the prior

---

[5] Similarly, under Alabama law, *res judicata* applies when the following four elements are met: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007).

decision was not rendered by a court of competent jurisdiction because Defendant Dodd is an indispensable party and was dismissed from the original proceeding, *Smith I*. (*See* doc. 17 ¶ 16.) However, Plaintiffs fail to challenge the subject-matter jurisdiction of the court in *Smith I* or cite any authority in support of their argument. Therefore, this Court concludes that the court in *Smith I* was a court of competent jurisdiction, and the first requirement is met. *See Lightfoot*, 580 U.S. at 92; *Lobo*, 704 F.3d at 892.

The second requirement is that the prior decision must have been a "final judgment on the merits." *Id.* "[D]isposition of a case on summary judgment grounds represents a final adjudication on the merits [and] forecloses subsequent litigation on the matter." *Griffith v. Wainwright*, 772 F.2d 822, 825 n.4 (11th Cir. 1985); *Nolley v. Warden, Macon State Prison*, 820 F. App'x 845, 854 (11th Cir. 2020) ("A grant of summary judgment is also a final judgment on the merits for purposes of *res judicata*." (citing *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000))); *Ex parte Chesnut*, 208 So. 3d 624, 635 (Ala. 2016) ("[S]ummary judgment in the civil action was a final judgment for res judicata purposes…."). The prior judgment was on the merits because it was entered on a motion for summary judgment based on the lapse of the applicable state law's ten-year statute of repose. *See Smith I*, 2023 WL 4033951, at *3 ("In Tennessee, statutes of repose are substantive law.") (citing *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn.

Ct. App. 2001)). Plaintiffs seemingly argue that this requirement is not met because the summary judgment order in *Smith I* was not entered before the date the instant action was filed. (*See* doc. 17 ¶ 14.) However, Plaintiffs cite no authority in support of their argument and thus this Court finds that the June 15, 2023, judgment in *Smith I* was a "final judgment on the merits" and that the second requirement is met. *See Lobo*, 704 F.3d at 892 (taking judicial notice of the district court's entry of judgment for purposes of *res judicata* analysis).

The third requirement is that "both cases must involve the same parties or their privies." *Id.* The Eleventh Circuit has recognized that a party "may not avoid the application of *res judicata* by adding new parties." *See Ardis v. Anderson*, 662 F. App'x 729, 732 (11th Cir. 2016) (quoting *Endsley v. City of Macon, Ga.*, 321 F. App'x 811, 814 (11th Cir. 2008)).[6] After comparing the Amended Complaint in *Smith I* to the claims in the instant action, this Court finds that both cases involve the same parties; the only difference is that Plaintiffs added a new defendant, Honda, to the instant action.[7] (*Compare* doc. 11-2 *with* doc. 1.) Plaintiffs seemingly argue that the "same parties" requirement is not met because a new defendant was added to the instant action. (*See* doc. 17 ¶ 15.) However, this Court disagrees and notes that

---

[6] While *Ardis v. Anderson* and *Endsley v. City of Macon, Ga.* are unpublished opinions, they are used only as persuasive authority and are thus cited to in accordance with 11th Cir. R. 32-6.

[7] Defendant Dodd, who is a defendant in this action, was also a defendant in *Smith I* before being dismissed from that action for lack of personal jurisdiction. Plaintiffs' claims against Defendant Dodd were not the subject of the motion for summary judgment in *Smith I* nor are they the subject of Defendant Hannigan's Motion to Dismiss in this action.

Plaintiffs fail to cite authority in support of their argument. *See Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013) (dismissing the plaintiff's argument that *res judicata* did not bar his already-litigated claims because he named additional defendants in one action who were not defendants in the other action); *accord Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 921 (Ala. 2007) ("The party identity criterion of *res judicata* does not require complete identity, but only that the party against whom *res judicata* is asserted was either a party or in privity with a party to the prior action." (cleaned up) (quoting *Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725 (Ala. 1990))). Because the parties in *Smith I* and here are substantially identical, this Court finds the third requirement of *res judicata* to be met with respect to the movant, Defendant Hannigan. *Lobo*, 704 F.3d at 892.

The fourth and final requirement is that "both cases must involve the same causes of action." *Id.* A cause of action is the same for *res judicata* purposes if it "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Id.* at 893 (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001)). The test for a common nucleus of operative fact is "whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Id.* (quoting *Piper*, 244 F.3d at 1301); *accord Chapman Nursing Home, Inc.*, 985 So. 2d at 919 (explaining that *res judicata* bars "any claim that was, or that could have been, adjudicated in the prior

action"). The legal theories presented in the previous litigation need not be the same for *res judicata* to apply. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). A comparison of the amended complaint in *Smith I* and the claims in the instant action show that they are both based upon the same factual predicate: the September 25, 2021, trike accident. (*Compare* doc. 11-2 *with* doc. 1.) Accordingly, this Court finds that the fourth requirement is met and therefore Plaintiffs' claims against Defendant Hannigan are barred on grounds of *res judicata*. *Lobo*, 704 F.3d at 892; *see Ragsdale*, 193 F.3d at 1240 (explaining that plaintiffs' attempts to "obtain[] a second bite at the apple, should their first action prove unsuccessful … is textbook res judicata").

## IV. Conclusion

For the reasons discussed above, Defendant Hannigan's Motion to Dismiss is due to be **GRANTED**. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on October 17, 2023.

    _____
    L. Scott Coogler
    United States District Judge
    215647