UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ANDREA N. SMITH, )<br>Personal Representative of the )<br>Estate of Angela H. Purnell, e*t al*., )<br>     )<br>     Plaintiffs, )<br>     )<br>v.   )<br>     )<br>HANNIGAN FAIRING CO., LTD., )<br>*et al*., )<br>     Defendants. )<br>     ) | Case No.: 6:23-cv-00757-AMM |

## MEMORANDUM OPINION

Plaintiffs Andrea Smith and Tiffany Gailes, personal representatives of the estates of Angela H. Purnell and Paul Raven Purnell ("the Purnells"), bring this wrongful death action against defendant American Honda Motor Co. ("Honda"), among other defendants. Plaintiffs' claims are based on theories of negligent design, manufacturing, testing, assembly, marketing, installation, misrepresentation, and failure to warn, as well as breach of warranty. *See* Doc. 38. This case is before the court on Honda's motion for summary judgment. Doc. 70. This motion is fully briefed. Docs. 71, 77–80.  For the reasons stated below, the motion is **GRANTED IN PART**, and the court will enter a contemporaneous order granting summary judgment on the plaintiffs' tort claims. The court **RESERVES RULING** on the breach of warranty claim, as explained further below.

I.  **BACKGROUND**

This action arises out of a motorcycle accident that resulted in the deaths of Paul and Angela Purnell. The subject 2008 Honda GL1800 Goldwing Motorcycle was first sold by Grayboy Cycle Center, Inc. to G&D Trikes in 2008. *See* Doc. 71 ¶ 1; Doc. 78 ¶ 1. G&D Trikes then converted the motorcycle into a trike using a Hannigan Motor Sports "trike kit." Doc. 71 ¶ 1; Doc. 78 ¶ 1. "[T]he Hannigan trike kit replaced the rear original equipment manufacturer (OEM) Honda axle, rear brake system, and wheels (among other components)." Doc. 71 ¶ 2; *see also* Doc. 78 ¶ 2. Using the trike kit also required modifications to the motorcycle's body and "a swingarm." Doc. 71 ¶ 2; *see also* Doc. 78 ¶ 2.

On August 4, 2008, G&D sold the converted trike to George D. Smith. Doc. 71 ¶ 3; Doc. 78 ¶ 3. After Mr. Smith passed away, his relatives sold the trike to William Buzbee in 2018. Doc. 71 ¶ 4; *see also* Doc. 78 ¶ 4. On April 22, 2021 Mr. Buzbee sold the trike to Dodd Sales LLC ("Dodd"). Doc. 71 ¶ 5; Doc. 78 ¶ 5. On May 6, 2021, Paul Purnell purchased the trike from Dodd at Dodd's dealership in Alabama. Doc. 71 ¶ 5; Doc. 78 ¶ 5; Doc 72-8 at 1–2.

On September 25, 2021, Paul Purnell was driving on a highway in Knoxville, Tennessee with his wife Angela riding as a passenger. Doc. 71 ¶¶ 6–7; Doc. 78 ¶¶

6–7.[1] As the Purnells approached a left curve in the road, the trike "travelled off the right side of the road, down an embankment, and struck a tree." Doc. 71 ¶ 7; Doc. 78 ¶ 7. The Purnells both "suffered fatal injuries as a result of the crash." Doc. 71 ¶ 7; Doc. 78 ¶ 7.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence, but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S.*

---

[1] In the section titled "Response to Movant's Statement of Undisputed Facts" in Plaintiffs' response to Honda's motion for summary judgment, Plaintiffs included two paragraphs labeled as Paragraph 7. The second Paragraph 7 in Plaintiffs' response appears to be the one which responds to Honda's Paragraph 7 in its motion for summary judgment.

3

*Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). If the movant carries its burden in either of the two ways, the burden shifts to "the non-movant to show the existence of a genuine issue [of] material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987).

When a nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 322–23.

### III. DISCUSSION

**A. Plaintiffs' Tort Claims are Governed by Tennessee Law**

This court applies the choice of law rules of the forum state, Alabama, to determine what law controls plaintiffs' substantive claims. *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) ("A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state."). The court must first "characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc.," then "determine[] the choice of law rule that the forum state applies to that particular type of issue." *Id*. (citing *Acme Circus Operating Co., Inc. v. Kuperstock*, 711 F.2d 1538, 1540 (11th Cir. 1983)).

Plaintiffs' complaint alleges that Honda breached its duty "to the Purnells and the public at large, to place on the market a reasonably safe product . . . in that the trike was negligently designed, manufactured, tested, assembled, marketed, installed and sold." Doc. 38 ¶ 23. Plaintiffs also allege that Honda "sold and marketed [the] trike in a condition which was defective and unreasonably dangerous by virtue of its design, manufacture, inadequate warning, and the failure to provide adequate instructions relative to its use." *Id*. ¶ 25. Plaintiffs claim Honda is thus liable for the plaintiffs' injuries under the theory of strict liability and under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). *Id.*; *see Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132 (Ala. 1976) (defining the AEMLD). Plaintiffs also claim that Honda breached the implied warranty of merchantability. Doc. 38 ¶ 26.

Plaintiffs' negligence, strict liability, and AEMLD claims all sound in tort. In *Casrell v. Altec Industries, Inc.*—one of the two cases establishing the AEMLD— the Alabama Supreme Court noted that in "extend[ing] the doctrine of 'manufacturer's liability[]' . . . [to] include not only the manufacturer, but also the supplier and the seller," it "adhere[d] to the tort concept of fault." *Casrell*, 335 So. 2d at 132. Specifically, the court "opine[d] that a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, constitutes negligence as a [m]atter of law." *Id.* Additionally, in their complaint, plaintiffs frame their AEMLD claim as an action sounding in tort. *See* Doc. 38 ¶ 25 ("The Plaintiffs rely upon the doctrine of strict liability in tort as stated in the Restatement of Torts, 2d, Section 402A and Alabama Extended Manufacturer's Liability Doctrine . . . .").

Plaintiffs' claim that Honda breached the implied warranty of merchantability, however, sounds in contract. *See* Doc. 78 at 17; *see, e.g.*, *Turner v. Westhampton Ct., L.L.C.*, 903 So. 2d 82, 90 (Ala. 2004) ("An action alleging a breach of warranty is a subset of a breach-of-contract action."); *Benefield v. Aquaslide N Dive Corp.*, 406 So. 2d 873, 876 (Ala. 1981) (referring to a breach of warranty claim as a "[]contract[] claim").

Alabama choice of law rules are well established. "Alabama law follows the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*."

6

*Precision Gear Co. v. Cont'l Motors, Inc.*, 135 So. 3d 953, 956 (Ala. 2013) (quoting *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009)). Under the principle of *lex loci contractus*, courts apply the law of the state where the contract at issue was formed. *See id*. Similarly, the principle of *lex loci delicti* requires courts to apply "the law of the state where the injury occurred" for tort claims. *Id*.

Thus, Plaintiffs' negligence, wantonness, and extended manufacturer liability claims are governed by the law of the state where the Purnells' accident occurred: Tennessee. *See* Doc. 38 ¶¶ 17–19; Doc. 71 ¶ 6; Doc. 78 ¶ 6. Without citing any legal authority, plaintiffs incorrectly contend that "Tennessee law does not apply in this case," because "the traditional rules 'place of injury' or 'place property is located' are old and rigid." Doc. 78 at 12. Plaintiffs state that "[c]ourts are moving from these rigid rules to considering whether there are sufficient contacts," noting that when this case was originally filed in a federal court in Tennessee, "Defendant[] challenged the jurisdiction based on insufficient contact with Tennessee and the Court agreed." *Id*. at 12–13 (citing Doc. 38 ¶ 2; Doc. 47 ¶ 2). The issue whether a court has personal jurisdiction over a party and the question which state's substantive law applies to a dispute are not the same thing.

**B. The Tennessee Statute of Repose Bars Plaintiffs' Tort Claims**

The applicable statute of repose appears in the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29–28–103(a). That statute of repose contains several time bars, one of which provides that "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition . . . must be brought within ten (10) years from the date on which the product was first purchased for use or consumption." Tenn. Code Ann. § 29-28-103(a). This section applies to "product liability action[s]," defined as:

> all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. [It] includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

*Id*. § 29-28-102(6); *see King-Bradwell P'ship v. Johnson Controls, Inc.,* 865 S.W.2d 18, 20 (Tenn. Ct. App. 1993) (finding that the plaintiff's suit was governed by the statute of repose because it fell under the TPLA's definition of a "product liability action"). Because the subject Honda motorcycle was first sold in 2008, plaintiffs'

8

negligence, wantonness, and extended manufacturer liability claims are barred if the statute of repose applies.

Because federal courts sitting in diversity apply the choice-of-law rules of the forum state, *see supra*, this court may apply Section 103(a) of the TPLA to plaintiffs' claims only if an Alabama court would do so. When applying the law of another state under the principle of *lex loci delicti*, Alabama courts apply the foreign state's substantive law but apply Alabama law to procedural matters. *Etheredge v. Genie Indus., Inc.*, 632 So. 2d 1324, 1326 (Ala. 1994). Accordingly, this court will apply Section 103(a) to bar plaintiffs' tort claims only if an Alabama court would deem the ten-year time bar substantive rather than procedural.

As the Alabama Supreme Court has explained, "[w]hile a statute of limitations generally is procedural and extinguishes the remedy rather than the right, . . . repose is substantive and extinguishes both the remedy and the actual action." *Ex parte Liberty Nat'l Life Ins. Co.*, 825 So. 2d 758, 765 (Ala. 2002) (quoting 51 Am. Jur. 2d *Limitation of Actions* § 32 (2000)).

Under this rule, the ten-year time bar in Section 103(a) operates not as a statute of limitation, but as a statute of repose. Section 103(a) limits not only the time period in which a plaintiff may seek a remedy, but also the time in which the substantive right to bring a product liability action against a manufacturer or seller exists at all. *Baugher v. Beaver Construction Company* illustrates this result. 791 So. 2d 932 (Ala.

2000). There, the Alabama Supreme Court applied an Alabama statute that prohibits bringing claims against architects, engineers, or builders if the claim "accrues or would have accrued more than thirteen years after the substantial completion of construction of the improvement on or to the real property." *Id.* at 933–34 (quoting Ala. Code § 6-5-221(a) (1975)). The court reasoned that "because the 13-year period begins to run upon the substantial completion of the improvements, rather than upon the injury to the plaintiff's person or property or upon the accrual of the plaintiff's cause of action otherwise, the statute is a statute of repose, rather than a simple statute of limitations." *Id.* at 934 n.1.

Section 103(a) provides that a plaintiff has ten years "from the date on which the product was first purchased for use or consumption" to bring an action against a manufacturer or seller, regardless of whether the plaintiff is injured or damaged on the date of the product's first purchase or at any point in the ten years afterward. Tenn. Code Ann. § 29–28–103(a). Like the statute of repose in *Baugher*, the ten-year time bar in Section 103(a) does not "begin[] running upon accrual of the claim," but begins running "when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Baugher*, 791 So. 2d at 934 n.1 (quoting *Statute of Repose, Black's Law Dictionary* (7th ed.1999)). Thus, the ten-year time bar in Section 103(a) of the TPLA is a substantive statute of repose.

Accordingly, the time bar applies to the instant case. Plaintiffs filed this suit more than ten years after the Honda motorcycle-turned-trike was first purchased for use in 2008. Plaintiffs' tort claims against Honda are thus time-barred, because plaintiffs' substantive right to bring a product liability action against Honda was extinguished in 2018.

The court next turns to the issue of waiver. In its answer to plaintiffs' amended complaint, Honda pled "the applicable statute of limitations" as an affirmative defense but did not specifically plead the statute of repose as an affirmative defense. Doc. 48 at 8. Plaintiffs argue that Honda has thus waived its statute of repose defense. Doc. 78 at 13. The Federal Rules of Civil Procedure provide that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c)(1). "Failure to plead an affirmative defense generally results in a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010).

Under federal pleading rules, a defendant is not required to plead a statute of repose as an affirmative defense. "The distinction" between statutes of limitations and statutes of repose "is significant." *May v. Ill. Nat'l Ins. Co.*, 190 F.3d 1200, 1206 (11th Cir. 1999). "If [a statute] act[s] as [a] jurisdictional statute[] of nonclaim or statute[] of repose, untimely claims are automatically barred." *Id*. If, however, it

11

"operate[s] as [a] statute[] of limitations, [it] must be pleaded . . . as an affirmative defense or on a motion to dismiss." *Id*.

Tennessee law is in accord. *See id.* at 1206-08 (looking to decisions of the Florida intermediate courts and Florida Supreme Court to determine whether a Florida statute functioned as a statute of repose or statute of limitations). Tennessee intermediate courts and the Tennessee Supreme Court have classified the ten-year time bar in Section 103(a) of the TPLA as a statute of repose. *See, e.g., Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000) (referring to § 29-28-103(a) as a statute of repose); *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995), *as modified on reh'g* (Dec. 28, 1995) ("The ten-year period set forth in T.C.A. § 29–28–103(a) is properly characterized as a statute of repose."). Accordingly, Honda did not waive the right to argue that the statute of repose bars plaintiffs' claims by failing to list it as an affirmative defense in its answer.[2] Honda's motion for summary judgment, Doc. 70, is **GRANTED** on all of the plaintiffs' tort claims.

### C. Plaintiffs' Implied Warranty Claim

Plaintiffs' breach-of-warranty claim is governed by the law where the contract for the sale of the trike was formed. Plaintiffs do not specify what contract allegedly

---

[2] The same day Honda filed its reply brief in support of its motion for summary judgment, it filed a motion for leave to amend its answer to include the statute of repose defense as an affirmative defense. Doc. 81. However, because the court finds that failure to plead the statute of repose as an affirmative defense does not waive the defense, an amended answer is unnecessary. Honda's motion for leave to amend its answer is therefore **DENIED AS MOOT**.

forms the basis of their breach of warranty claim against Honda. Based on the parties' statement of the facts and the record as a whole, it appears that the only contract the Purnells entered into with respect to the trike is the sales contract between Paul Purnell and Dodd, which the court infers was formed in Alabama. *See* Doc. 38 ¶ 10. Honda does not explain how Alabama law supports their motion for summary judgment on the breach of implied warranty claim.

The court thus **RESERVES RULING** on the breach of implied warranty claim. The court **DIRECTS** the plaintiffs and Honda to submit additional briefing within **fourteen days** of the date of this order, specifically addressing the viability of the breach of implied warranty claim under Alabama law.

## IV.  CONCLUSION

For the reasons stated above, Honda's Motion for Summary Judgment, Doc. 70, is **GRANTED** with respect to the plaintiffs' tort claims. The court **RESERVES RULING** on the plaintiffs' breach of implied warranty claim and **DIRECTS** the parties to submit additional briefing, as explained more fully in Section III.C. above. Honda's Motion for Leave to Amend Answer, Doc. 81, is **DENIED AS MOOT.** The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this 9th day of July, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE