UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ANDREA N. SMITH, | ) |
| Personal Representative of the | ) |
| Estate of Angela H. Purnell, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 6:23-cv-00757-AMM |
| | ) |
| HANNIGAN FAIRING CO., LTD., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs Andrea Smith and Tiffany Gailes, personal representatives of the estates of Angela H. Purnell and Paul Raven Purnell ("the Purnells"), bring this wrongful death action against defendant American Honda Motor Co., Inc. ("Honda").[1] This court previously entered a summary judgment in favor of Honda on all but one of the plaintiffs' claims. *See* Docs. 103, 104. The court reserved ruling on the plaintiffs' sole remaining claim against Honda—breach of the implied warranty of merchantability—and directed the parties to submit additional briefing on summary judgment. Doc. 103 at 1, 12–13. That claim is now fully briefed. Docs.

---

[1] Although plaintiffs originally named multiple defendants, Honda is the only remaining defendant. *See* Docs. 45–46, 98–99.

106, 112. For the reasons stated below, Honda's motion for summary judgment, Doc. 70, is **GRANTED**. The court will enter a contemporaneous final judgment.

## I. BACKGROUND

This action arises out of a motorcycle accident that resulted in the deaths of Paul and Angela Purnell. The undisputed material facts, viewed in the light most favorable to the plaintiffs, were previously set forth in this court's memorandum opinion on Honda's motion for summary judgment, Doc. 103 at 2–3, and are adopted and incorporated here. Some relevant repetitions and additions to that factual recitation follow:

The motorcycle the Purnells were riding at the time of the accident was first sold in 2008. *See* Doc. 71 ¶ 1; Doc. 78 ¶ 1. The original owner converted the motorcycle into a trike using a trike kit, and this conversion modified the motorcycle and replaced certain equipment and components. Doc. 71 ¶¶ 1–2; Doc. 78 ¶¶ 1–2. Although Honda manufactured the motorcycle, the trike kit was not "designed, tested, manufactured, advertised, or distributed" by Honda. Doc. 112 at 3; *see also* Doc. 106 at 4.

"Honda issued several recalls relating to components of the brake system" for the motorcycle. Doc. 106 at 3; Doc. 111. The parties dispute whether the trike conversion replaced components of the Honda brake system that caused the accident. *Compare* Doc. 106 at 3 ("[T]he Hannigan trike kit installation did not replace the

Honda brake system nor the defective brake parts on recall by Honda."), *with* Doc. 112 at 5 ("The Hannigan trike kit replaced the . . . rear brake system . . . ."); *see also* Rough Transcript of Nov. 14, 2025, Motion Hearing ("Tr.") at 4–6, 9.

Ownership of the converted motorcycle changed hands multiple times from 2008 to 2021. *See* Doc. 71 ¶¶ 3–5; Doc. 78 ¶¶ 3–5; Doc. 112 at 5–6. On May 6, 2021, Paul Purnell purchased the trike from Dodd Sales LLC at Dodd's dealership in Alabama. Doc. 71 ¶ 5; Doc. 78 ¶ 5; Doc 72-8 at 1–2; Doc. 112 at 6. The bill of sale executed by Dodd and Mr. Purnell recited that the trike was "SOLD AS IS – NO WARRANTY." Doc. 57-5 at 2; Doc. 112 at 6. "There was never a sales contract between [Honda] and the Purnells." Doc. 112 at 7.

On September 25, 2021, Paul Purnell was driving on a highway in Knoxville, Tennessee with his wife Angela riding as a passenger. Doc. 71 ¶¶ 6–7; Doc. 78 ¶¶ 6–7.[2] As the Purnells approached a left curve in the road, the trike "traveled off the right side of the road, down an embankment, and struck a tree." Doc. 71 ¶ 7; Doc. 78 ¶ 7. A witness testified to hearing Mrs. Purnell scream just before the accident. Doc. 107 at 3; Doc. 112-1 at 6; Tr. at 13, 15–16. The Purnells both "suffered fatal injuries as a result of the crash." Doc. 71 ¶ 7; Doc. 78 ¶ 7. The Purnells both died at

---

[2] In the section titled "Response to Movant's Statement of Undisputed Facts" in Plaintiffs' response to Honda's motion for summary judgment, Plaintiffs included two paragraphs labeled as Paragraph 7. *See* Doc. 78 at 6. The second Paragraph 7 in Plaintiffs' response appears to be the one which responds to Honda's Paragraph 7 in its motion for summary judgment.

the scene of the accident, and neither of them showed any sign of life after the crash. Doc. 112-1 at 14.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case."

4

*McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). If the movant carries its burden in either of the two ways, the burden shifts to "the non-movant to show the existence of a genuine issue [of] material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSOUTH, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987).

When a nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 322–23.

### III. DISCUSSION

#### A. Choice of Law

This court applies the choice of law rules of the forum state, Alabama, to determine what law controls plaintiffs' substantive claims. *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) ("A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state."). The court must first "characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc.," then "determine[] the choice of law rule that the

5

forum state applies to that particular type of issue." *Id*. A breach of implied warranty claim is a contract claim. *See, e.g.*, *Turner v. Westhampton Ct., L.L.C.*, 903 So. 2d 82, 90 (Ala. 2004) ("An action alleging a breach of warranty is a subset of a breach-of-contract action."); *Benefield v. Aquaslide 'N' Dive Corp.*, 406 So. 2d 873, 876 (Ala. 1981) (referring to a breach of warranty claim as a "[]contract[] claim").

"Alabama law follows the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*." *Precision Gear Co. v. Cont'l Motors, Inc.*, 135 So. 3d 953, 956 (Ala. 2013) (quoting *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009)). Under the principle of *lex loci contractus*, courts apply the law of the state where the contract at issue was formed. *See id*.

Plaintiffs do not specify what contract allegedly forms the basis of their breach of warranty claim against Honda. Based on the parties' statements of the facts and the record as a whole, it appears that the only relevant contracts the Purnells entered into arose from Dodd's sale of the vehicle to Mr. Purnell, which the court infers occurred in Alabama. *See* Doc. 38 ¶ 10. The court thus applies Alabama law to the breach of implied warranty claim.

### B. Breach of Implied Warranty of Merchantability

Honda argues that "[u]nder well-established Alabama law, Plaintiffs cannot maintain a viable claim for breach of implied warranty" for three separate reasons:

6

> 1. Alabama law does not recognize an implied warranty in the sale of used vehicles. . . . 2. No implied warranty exists where a vehicle is sold "as-is." . . . 3. There is no evidence that Plaintiffs suffered from any cognizable injury between the time of the crash and their deaths; therefore, no breach of warranty claim can be maintained . . . .

Doc. 112 at 2–3. The court begins its analysis with Honda's third argument, which is dispositive. The court thus declines to address Honda's additional arguments in support of summary judgment.

Alabama law permits "simultaneous recovery of both punitive damages for wrongful death under a tort claim and compensatory damages for injuries suffered by the decedent between the date of his injury and the date of his death under a contract claim." *Benefield*, 406 So. 2d at 874. "The breach of warranty (contract) claim is a separate and distinct claim from the wrongful death (tort) claim and seeks compensatory damages only, not for the wrongful death of the decedent but for the injuries suffered before his death." *Id.* at 876. "Damages can be awarded only where they are reasonably certain and not based upon speculation." *Indus. Chem. & Fiberglass Corp. v. Chandler*, 547 So. 2d 812, 820 (Ala. 1988).

Whether a plaintiff can simultaneously bring both a wrongful death claim and breach of warranty claim is a fact intensive inquiry. Case law is limited, but two Alabama Supreme Court opinions are instructive. *Benefield* was the first Alabama Supreme Court case to recognize simultaneous recovery under both wrongful death and breach of warranty claims. 406 So. 2d at 874. In that case, the decedent survived

7

for nine days after an accident before succumbing to his injuries. *Id.* The plaintiff brought a wrongful death claim as well as a breach of warranty claim, "seeking recovery not for the death of the decedent but for the pain and medical expenses suffered by him between the date of his injury and the date of his death." *Id.* The defendant argued that the plaintiff could not pursue a breach of warranty claim as part of a death action, but the Alabama Supreme Court disagreed. *Id.* The court held that the plaintiff could claim punitive damages for the death alongside compensatory damages for the injuries suffered before death, reasoning that "[i]t would be illogical to merge the two claims." *Id.* at 876. The court noted that, under Alabama law, "[a] contract action . . . survives in favor of the personal representative regardless of whether the decedent filed the action before his death." *Id.* at 875.

The Alabama Supreme Court revisited the same issue in *Chandler*, where two widows filed suit after their husbands were killed in a jobsite accident. *See* 547 So. 2d at 814–15. A fire began while the men were working inside a large tank. *Id.* at 815. Witnesses heard both men screaming, *id.* at 820, and both tried to escape, *id.* at 815. One of the men was brought out of the tank but died from his injuries eighteen days later. *Id.* The second man, Mr. Chandler, was unable to get out and was found dead on the floor of the tank. *See id.* The defendant argued that Mr. Chandler's widow could not recover on a breach of warranty claim because she "failed to produce any evidence that her husband . . . survived for more than seconds in the

8

tank and suffered physical pain and mental anguish as a result of the fire." *Id.* at 820. The court rejected this argument, relying upon witness testimony that both men "were hollering and screaming" after the fire broke out. *Id.* The court acknowledged that there was "no precise calculation of the length of time [Mr.] Chandler suffered before dying in the tank while it burned," but "[i]t was a 'just and reasonable inference' for the jury to conclude that [Mr.] Chandler lived for a 'perceptible duration of time' after the contamination and during the fire." *Id.*

Honda argues that "a breach of warranty claim cannot be maintained under Alabama's wrongful death statute." Doc. 112 at 9. "To the extent that Plaintiffs argued that they have raised their breach of warranty claim separately as a contract claim under *Benefield v. Aquaslide 'N' Dive Corp*, that argument fails as a matter of law." *Id.* "[T]he unique exception allowing a warranty claim to proceed following a fatal accident does not apply here . . . ." *Id.* at 11.

The plaintiffs claim that they can maintain a separate breach of implied warranty claim (independent from their wrongful death claim) because "the jury can infer that the Purnells lived for a 'perceptible duration of time'" following the accident. Doc. 106 at 17. They rely upon witness testimony that Mrs. Purnell screamed before the crash, as well as evidence that the paramedics took hours to arrive, to support their position that the "warranty of merchantability claim is a

9

viable claim supported by Alabama law that should be considered at trial by the jury." *Id.*

Here, the plaintiffs cannot recover damages on a breach of warranty claim because such an award would be based on nothing more than speculation. *See Chandler*, 547 So. 2d at 820. Unlike *Chandler*, there is no evidence in the record that the Purnells survived for any "perceptible duration of time" after the accident. *See id.* Rather, all the evidence supports the conclusion that the Purnells were killed immediately. A witness testified that he heard Mrs. Purnell scream before the crash—not afterwards. *See, e.g.,* Tr. at 13, 15–16. This testimony is not a sufficient basis for a reasonable jury to infer that either Mr. or Mrs. Purnell survived for some period after the accident.

For these reasons, Honda's motion for summary judgment, Doc. 70, is due to be **GRANTED** on the plaintiffs' breach of implied warranty claim.

IV. **CONCLUSION**

For the reasons stated above, Honda's Motion for Summary Judgment, Doc. 70, is **GRANTED**. The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this 2nd day of February, 2025.



ANNA M. MANASCO
UNITED STATES DISTRICT JUDGE